### UNITED STATES *v.* CENTRAL NAT. BANK.

*(District Court, S. D. New York.   February 1, 1883.)*

1. INTERNAL REVENUE—TAXATION OF NATIONAL BANKS.

  Under section 120 of the revenue act of June 30, 1864, (13 St. at Large, 283,) the plaintiff, in order to recover a duty upon certain sums alleged not to have been returned, must prove that these sums were either declared as dividends, or added to the surplus or contingent funds of the bank

2. SAME—SURPLUS FUNDS.

  Construing together sections 120 and 121, their import should be held to be to tax only the actual profits made—*i. e.*, under section 120 for profits declared or added to their surplus funds, and under section 121 for such profits earned as were *not* so declared or added to the surplus or contingent fund; and where

a dividend was declared by a bank, besides paying under the state law the state tax imposed upon the par value of its shares as against the stockholders, and the bank made return of and paid to the United States officers the tax on the dividend declared, but not on the state tax paid on account of its stockholders, and it afterwards appeared that embezzlements concealed during this period exceeded the amount of the state tax not returned: *held*, on demurrer, that if the bank would have been liable to pay the duty upon the sum paid for state tax, it was entitled to show the embezzlements as a correction of the returns, and that no further tax under section 120 was due to the government.

*S. L. Woodford,* U. S. Atty., and *E. B. Hill* Asst., for the United States.

*Martin & Smith,* for defendant.

BROWN, J. By the amended complaint in this action the plaintiff seeks to recover under section 120 of the revenue act, passed June 30, 1864, (13 St. at Large, 283,) a duty of 5 per centum upon certain sums of money alleged to be dividends declared by the defendant due to stockholders, of which the defendant made no return, and upon which it is alleged it paid no duty. See same case, 10 FED. REP. 612. The answer, by its first defense, denies that it made any such dividends as alleged. For a second defense it avers that the sums claimed as dividends were paid to the state of New York as taxes levied upon the par value of the shares of its capital stock, pursuant to law. By the third defense, it avers that its returns were in excess of the requirements of the law by reason of large embezzlements, through which it had lost large sums in excess of the amounts alleged not to have been returned, and which losses were not discovered until long afterwards. The plaintiff demurs to the second and third defenses.

I am of the opinion that to entitle the plaintff to recover it must show that the sum paid as taxes, on which it claims duty under section 120, was a dividend or a part of a dividend declared by the defendant due to stockholders.

The second defense asserts that it is advised and believes that these moneys so paid for taxes were a legitimate expense of its business, and in no sense a part of its dividends. I do not find any averment or admission in the second defense that such moneys so paid were a part of any dividends declared, and, under the state law as pleaded, it does not appear that they would be necessarily such. For this reason the demurrer to the second defense, and to the other analogous defenses, must be overruled.

In regard to the third defense, the demurrer admits that the loss from embezzlements, which were concealed and unknown to the de-

fendant at the time it made its returns, exceeded the amount claimed to be deficient in its returns, being the amount paid by the defendant for state taxes; that its return was made in good faith, and with the belief that it was a correct statement of the profits realized; that in consequence thereof it was led and induced to pay and distribute among its stockholders a much larger sum than it really earned, and to pay a much larger tax thereon to the plaintiff than it was in fact liable to pay; and that in making such payment it in fact did pay and distribute among its stockholders from its capital, and from its surplus and contingent fund earned in former years, not only the amounts now claimed, but a much larger sum, and did erroneously pay for the year mentioned an excessive tax. This defense, if true, it seems to me ought to be upheld. It leaves no equity in the claim for duty under section 120.

Sections 120 and 121 seem to me clearly to indicate the real intention of the law, namely, that the banks should pay a tax upon all their profits and earnings for the year; if declared as dividends, or added to their surplus or contingent funds then payable under section 120; but if no dividends or additions to the surplus or contingent funds were made, then upon the amount of profits "accrued or earned and received" under section 121, of which the president or cashier was required to make return under oath. The question is not presented here as to the obligation of a bank where it intentionally declares a fictitious dividend, for the answer states that the dividends were declared in good faith, and in ignorance of the large losses by concealed embezzlements, whereby the dividends actually returned, and on which duty was paid, were in excess of its "earnings, income, or gains." That a dividend is declared is undoubtedly *prima facie* evidence of such "earnings, income, and gains," under section 120; and the burden of proof to show the contrary is upon the defendant. But if the defendant, after having declared such dividends in ignorance of large losses, had discovered these losses before the time for making its return, it would clearly have the right to have the error corrected. I think the court ought to allow the same correction now, by way of defense, as the government officers must have allowed, if opportunity had occurred for correction before them. No injury is thereby done to the government, and no injury ought to be done to the defendant by refusing such a correction.

The demurrer, therefore, to the third defense and the others similar to it, should also be overruled.